IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**William G. Smith,**

        **Plaintiff,**

v.                                                                             Case No. 14-2197-JWL

**David Stuteville, individually and
in his official capacity as an Osawatomie
Police Officer; Mike Stiles, in his official
capacity as Chief of Police of Osawatomie,
Kansas; and City of Osawatomie, Kansas,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff William G. Smith filed suit against defendants alleging claims under the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983 and Kansas state law arising out of Officer Stuteville's warrantless entry into plaintiff's residence. This matter is presently before the court on defendants' motion to dismiss plaintiff's complaint (doc. 4) pursuant to Federal Rule of Civil Procedure 12(b)(6). As will be explained, the motion is granted in part and denied in part.

**Background**

Defendants' motion to dismiss is based on Federal Rule of Civil Procedure 12(b)(6). In analyzing that motion, the court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Consistent with this standard, the following well-pleaded allegations, taken from plaintiff's complaint, are accepted as true for purposes of defendants' motion.

On February 12, 2013, Officer Stuteville, dressed in an Osawatomie police uniform and driving a marked Osawatomie police vehicle, came to plaintiff's residence in Osawatomie around 3:00pm. Plaintiff asserts that Officer Stuteville informed plaintiff that he was investigating a "1099 complaint" on behalf of an individual named John Snyder and that Officer Stuteville "pushed his way" into plaintiff's residence without a warrant, without probable cause, without exigent circumstances and without plaintiff's consent. Mr. Snyder is a former Osawatomie Police Officer and the son-in-law of plaintiff's former spouse. According to plaintiff, Officer Stuteville made comments during the encounter indicating that he was personal friends with Mr. Snyder. Once he was inside plaintiff's home, Officer Stuteville intimidated and interrogated plaintiff over his role in a former business relationship with Mr. Snyder and he repeatedly requested specific information from plaintiff regarding that relationship. Plaintiff further alleges that, on another occasion just prior to this incident, Officer Stuteville had stopped by plaintiff's residence and advised plaintiff that he had taken someone out into the woods and "beat a confession out of them."

A few days following Officer Stuteville's entry into plaintiff's home, plaintiff met with Don Cawby, the City Manager of Osawatomie, seeking to obtain a copy of any complaint that Mr. Snyder may have filed with the police department and to lodge a complaint about Officer

Stuteville's conduct.  According to plaintiff, Mr. Cawby advised plaintiff that it was "routine" for the City, on behalf of the IRS, to investigate issues concerning 1099s.

**Discussion**

In his complaint, plaintiff asserts a claim against Officer Stuteville, in his individual and official capacities, under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments based on Officer Stuteville's warrantless entry into plaintiff's residence; claims against Chief Stiles in his official capacity and the City under 42 U.S.C. § 1983 based on the City's customs, policies and practices that purportedly caused the violation of plaintiff's constitutional rights, including the City's purported failure to adequately train or supervise its police officers; and a state law claim against Officer Stuteville for trespass. Defendants move to dismiss plaintiff's complaint in its entirety.  As explained below, the motion is granted in part and denied in part.

*Qualified Immunity*

Officer Stuteville first asks this court to dismiss plaintiff's § 1983 claim against Officer Stuteville in his individual capacity because he is entitled to qualified immunity.  To survive a motion to dismiss based on qualified immunity, the plaintiff must allege sufficient facts that show—when taken as true—that the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation.  *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).  The court first determines if the complaint sufficiently alleges the violation of a constitutional right.  *See id*.

3

While Officer Stuteville concedes that plaintiff has alleged the violation of a constitutional right—namely, the right to be free from a warrantless entry into his home—Officer Stuteville nonetheless contends that dismissal is warranted because plaintiff has failed to provide sufficient facts regarding his own conduct or words "before or during the encounter with Officer Stuteville." According to Officer Stuteville, plaintiff's "conclusory" allegations that Officer Stuteville entered plaintiff's home without a warrant, without probable cause, without consent and in the absence of exigent circumstances are not sufficient to state a claim for an alleged violation of plaintiff's Fourth Amendment rights. The court disagrees. Plaintiff has alleged that Officer Stuteville forced his way into plaintiff's home for the purpose of harassing and intimidating plaintiff about a prior business relationship with Officer Stuteville's personal friend. Assuming the truth of this allegation, it is reasonable to infer that Officer Stuteville entered plaintiff's home without probable cause, without consent and in the absence of exigent circumstances. Officer Stuteville does not suggest the existence of any particular facts concerning plaintiff's own conduct or words before or during the encounter that might have any bearing on whether Officer Stuteville violated plaintiff's Fourth Amendment right to be free from a warrantless search of his home. Plaintiff, then, has sufficiently alleged a constitutional violation. *Reeves v. Churchich*, 484 F.3d 1244, 1258 (10th Cir. 2007) ("Because the home is accorded the full range of Fourth Amendment protections, it is beyond question that an unconsented police entry into a residential unit, be it a house, apartment, or hotel or motel room, constitutes a search under *Katz*."); *Specht v. Jensen*, 832 F.2d 1516, 1522-23 (10th Cir. 1987) (Fourth Amendment violation occurs when police engage in warrantless search and no exception to the warrant requirement applies).

Even if Officer Stuteville engaged in constitutionally impermissible conduct, immunity will still shield him from suit so long as his conduct did not violate clearly established constitutional rights. *Schwartz,* 702 F.3d at 587. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id*. This means that the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. at 588 (citation omitted). In the motion to dismiss, Officer Stuteville summarily argues that the facts set forth in the complaint "do not establish that every reasonable officer in Officer Stuteville's position would know that his or her actions violation plaintiff's Fourth Amendment right." The court disagrees. For many years, case law in the Tenth Circuit and the established weight of authority has clearly established the right to be free from a warrantless entry of the home under the facts alleged by plaintiff. *Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006) (law regarding warrantless residential search clearly established) (citing *Welsh v. Wisconsin*, 466 U.S. 740, 748–49 (1984)).

For the foregoing reasons, on the record presently presented, Officer Stuteville is not entitled to qualified immunity.

*Claims Against the City*

With respect to plaintiff's claims against the City, defendants move to dismiss under *Iqbal* on the grounds that plaintiff has failed to state a plausible claim for relief. According to defendants, plaintiff has not sufficiently identified an unconstitutional policy or practice that

caused the alleged violation in this case or any instances when the City tolerated unconstitutional conduct from its police officers. Rather, plaintiff alleges only in generic terms that the City implemented "unconstitutional customs, policies and practices" which "led to deprivations of rights." In the same vein, defendants move to dismiss plaintiff's inadequate/negligent training claim on the grounds that plaintiff has failed to allege any facts tending to show that the City was deliberately indifferent to an obvious need for specific training or that the City was aware after a series of incidents that additional training was required. Again, plaintiff alleges only that Officer Stuteville's conduct resulted from the City's deliberate indifference to the rights of plaintiff and the City's failure to train "police officers for the tasks Defendant Stuteville was then attempting to accomplish and the purported duties that Defendant Stuteville was then attempting to fulfill." A municipality may not be held liable under 42 U.S.C. § 1983 simply because it employs a person who violated a plaintiff's federally protected rights. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A review of plaintiff's complaint confirms that plaintiff has failed to identify any specific custom or policy that caused plaintiff to suffer the alleged constitutional violation in this case. *See Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009). In his response to the motion to dismiss, however, plaintiff offers additional support for this claim, including allegations that the City implemented a policy, custom or practice of permitting police officers to enter a private residence without a warrant to investigate personal matters on behalf of friends; and that the City implemented a policy, custom or practice of permitting police

6

officers to falsely inform residents that the officer is investigating on behalf of a federal agency or, in the alternative, that the City's policy in fact permitted officers to investigate issues on behalf of the IRS through warrantless entries. Plaintiff further suggests that Officer Stuteville acted pursuant to these customs or policies with the City's knowledge and acquiescence. In light of plaintiff's additional allegations, the court concludes that plaintiff should be permitted to amend his complaint, no later than Monday, August 4, 2014, to include these and any other allegations pertinent to this claim. At this juncture, the court expresses no opinion on whether the additional allegations offered by plaintiff would be sufficient to withstand a motion to dismiss.

Municipal liability based on a policy of inadequate training requires proof that the policy "reflect[ed] a 'deliberate' or 'conscious' choice by a municipality." *City of Canton*, 489 U.S. at 389. This may be demonstrated "when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). The allegations in plaintiff's complaint for municipal liability based on a failure-to-train theory reflect the "formulaic recitation" of "bare assertions" deemed categorically deficient by the Supreme Court in *Iqbal*. In his response to the motion to dismiss, plaintiff asserts that, because discovery has not yet commenced, he cannot provide any additional allegations concerning the City's training of its officers but urges that Officer Stuteville's conduct, standing alone, demonstrates that he has not been properly trained or supervised. This allegation is insufficient to state a claim against the City. *See Lewis v. McKinley County Bd. of County Commr's*, 425 Fed. Appx. 723, 726 (10th Cir. 2011) (plaintiff's

allegation that jail official was "obviously ill-trained" in light of his conduct failed to state a claim against County under *Canton*). This claim, then, is dismissed.

*Official Capacity Claims*

Officer Stuteville and Chief Stiles also move to dismiss plaintiff's official capacity claims on the grounds that such claims are duplicative and unnecessary in light of plaintiff's claims against the City. Because plaintiff's official capacity suits against these defendants are simply suits against the City itself, see *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and because plaintiff offers no viable reason why the official capacity suits should not be dismissed,[1] the court grants defendants' motion to dismiss these claims. Moreover, because plaintiff asserts only an official capacity claim against Chief Stiles, that defendant is properly dismissed as a party to this action.

---

[1] Plaintiff suggests that the official capacity claims should not be dismissed because he seeks punitive damages against Officer Stuteville. This argument misses the mark as individuals sued in their official capacity are immune from punitive damages. *Cross Continent Dev., LLC v. Town of Akron, Colorado*, 548 Fed. Appx. 524, 531 (10th Cir. 2013). Plaintiff also contends that Chief Stiles' "precise role" in the development and implementation of the City's policies are unknown at this point such that he should be permitted to engage in discovery concerning his claim against Chief Stiles. This argument, too, misses the mark. Because plaintiff has sued Chief Stiles only in his official capacity, plaintiff's claims against Chief Stiles is "the same" as plaintiff's suit against the City such that his claims against Chief Stiles must be construed as claims against the City. *See Marino v. Mayger*, 118 Fed. Appx. 393, 405 (10th Cir. 2004). For this reason, the official capacity claims against Chief Stiles are duplicative of plaintiff's claims against the City and are properly dismissed. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (official capacity claims properly dismissed as duplicative of claims against City); *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."); *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) (district court correctly dismissed claim against superintendent in his official capacity as duplicative of claim against Board).

*Due Process Claims*

In Count I of his complaint, plaintiff alleges that Officer Stuteville violated plaintiff's "right to be free from warrantless entry into his private residence and his right to due process of law." Defendants move to dismiss this claim to the extent plaintiff asserts a due process violation on the grounds that the claim is governed solely by the Fourth Amendment. In response, plaintiff clarifies that he is not asserting any claims for violations of his due process rights. This aspect of defendants' motion, then, is granted as unopposed.

*Trespass Claim*

Finally, Officer Stuteville moves to dismiss plaintiff's trespass claim for failure to satisfy *Iqbal*'s pleading requirements. A trespass occurs when a person "enters on the premises of another without any right, lawful authority, or an express or implied invitation or license." *Seitz v. Lawrence Bank*, 36 Kan. App. 2d 283, 289 (2006). According to Officer Stuteville, plaintiff's complaint does not state a plausible claim for trespass because plaintiff "admits" that a third-party filed a "1099 complaint" against him; that it is routine for the City to investigate 1099 complaints on behalf of the IRS; and that Officer Stuteville was on plaintiff's property to investigate the complaint such that Officer Stuteville was authorized to enter on plaintiff's land. Even the most cursory reading of plaintiff's complaint reveals that he has not admitted those facts. Rather, he alleges that Officer Stuteville advised him that he was investigating a 1099 complaint on behalf of John Snyder; that the City Manager advised him that it was routine for the City to investigate such issues; and that Officer Stuteville purported to enter plaintiff's residence to investigate the issue. Plaintiff's complaint permits a reasonable inference that

9

Officer Stuteville either did not have the authority to investigate a "1099 complaint" or that the reference to a "1099 complaint" was simply a pretense to enter plaintiff's land and home.

In support of his trespass claim, plaintiff alleges that Officer Stuteville entered on plaintiff's land and in his home without plaintiff's consent for the sole purpose of harassing and intimidating plaintiff about a prior business relationship that plaintiff had with Officer Stuteville's personal friend. Assuming the truth of this allegation, as the court must, plaintiff has stated a plausible claim for trespass under Kansas common law. The motion to dismiss this claim is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss plaintiff's complaint (doc. 4) is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Mike Stiles is dismissed as a party to this action.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff may file an amended complaint concerning his municipal liability claim no later than Monday, August 4, 2014.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge